IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | CASE NUMBER 6:11-CR-0077-RC |
| v. | § | |
| | § | |
| | § | |
| MATTHEW DEAN WILLIS | § | |
| | § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On May 12, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Matthew Dean Willis. The government was represented by Mary Ann Cozby, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession With Intent to Distribute Methamphetamine, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 17 and a criminal history category of III, was 30 to 37 months. On June 6, 2012, District Judge Leonard Davis sentenced Defendant to 15 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include providing to the probation officer access to any requested financial information for the purposes of monitoring his ability to obtain and maintain lawful employment. On February 25, 2013, Defendant completed the term of imprisonment and began his term of supervised release.

1

Under the terms of supervised release, Defendant was required to refrain from excessive use of alcohol, purchase, use, or possession of controlled substances. In its petition, the government alleges that Defendant violated his conditions of supervised release when he admitted he used methamphetamine on February 6, 2017, and February 9, 2017. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession of the drug.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke the term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. In exchange, the government agreed to recommend to the Court a entence of 12 months and one day with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Matthew Willis be committed to the custody of the Bureau of Prisons for a term of imprisonment of 12 months and one day with no supervised release to follow. The Court **RECOMMENDS** that the place of confinement be Seagoville, Texas to facilitate family visitation and drug treatment, or alternatively Texarkana, Texas. The Court **FURTHER RECOMMENDS** drug treatment.

**So ORDERED and SIGNED this 12th day of May, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE